UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

SHAREE GARRY,

    Plaintiff,

 -vs-

CREDIT ACCEPTANCE
CORPORATION , *et al.*,

    Defendants.

Case No. 2:19-CV-12386-GCS-APP
Hon. George Caram Steeh
Magistrate Judge: Anthony P. Patti

## PLAINTIFF'S RESPONSE TO
## MOTION TO COMPEL ARBITRATION

For the reasons set forth in the accompanying brief, Sharee Garry requests that the Court deny Credit Acceptance Corporation's motion to compel arbitration.

Respectfully Submitted,

By: s/ Ian B. Lyngklip
Ian B. Lyngklip P47173
Sylvia Bolos P78715
LYNGKLIP & ASSOCIATES,
CONSUMER LAW CENTER, PLC
Attorney for Sharee Garry
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Ian@ConsumerLawyers.Com

Dated: November 18, 2019

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

SHAREE GARRY,

    Plaintiff,

-vs-

CREDIT ACCEPTANCE
CORPORATION , *et al.*,

    Defendants.

Case No. 2:19-CV-12386-GCS-APP
Hon. George Caram Steeh
Magistrate Judge: Anthony P. Patti

## **PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO MOTION TO COMPEL ARBITRATION**

### Introduction

Credit Acceptance Corporation ("CAC") brings this motion to compel arbitration of Sharee Garry's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. CAC contends that Ms. Garry executed an arbitration clause in connection with the transaction underlying the FCRA claims, and therefore she must present those claims in arbitration rather than in a court of law. This argument ignores the core contention underlying Ms. Garry's complaint, namely that Ms. Garry is the victim of identity theft who never agreed to any contract with CAC.

1

Consequently, Ms. Garry also never have agreed to any arbitration clause which would have been incorporated into such an agreement.

While CAC claims that the Court may disregard Ms. Garry's well-stated claims of identity theft, the Federal Arbitration Act ("FAA"), disagrees. Specifically, where the parties present disputed evidence as to whether the parties have agreed to an arbitration clause, that issue must be submitted to a jury for determination, and the Court may not resolve the issue on its own. For these reasons, the Court should deny the motion and set the matter for an expedited jury trial to determine whether an arbitration clause exists.

## Standard of Review

Before a court may grant a motion to compel arbitration, the Federal Arbitration Act ("FAA") requires the Court to determine whether a valid agreement to arbitrate exists. *Morse v. Servicemaster Global Holdings, Inc.*, No. C 10-00628 SI, 2012 U.S. Dist. LEXIS 144691, *8-9 (N.D. Cal. Oct. 4, 2012) (Illston, J.) (citing *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-478 (9th Cir. 1991)); 9 U.S.C. § 4. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U. S. 574, 582 (1960).

When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. See

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). The FAA "does not require parties to arbitrate when they have not agreed to do so." *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294 (2002). See *Stout v. J.D. Byrider*, 228 F.3d 709, 214 (6th Cir. 2000). A "party can be compelled to arbitrate only those matters that she has agreed to submit to arbitration." *James v. McDonald's Corp.*, 417 F.3d 672, 677 (7th Cir. 2005). Indeed, the presumption in favor of arbitration "does not apply in resolving doubts respecting whether the parties have reached an agreement respecting what they will arbitrate." *Hendrick v. Brown & Root, Inc.*, 50 F. Supp. 2d 527, 533 (E.D. Va. 1999). A "party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *Levin v. Alms & Assocs., Inc.*,634 F.3d 260, 266 (4th Cir.2011) (quotation omitted); *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015)

In order to resolve questions of whether an agreement to arbitrate exists, the FAA provides that in the Court should convene an expedited jury trial to determine that disputed fact by jury trial:

> . . . . ***If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof***. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application,

3

>   demand a jury trial of such issue, and *upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose*. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

9 U.S.C. § 4 (emphasis added). Under this rule, a party who opposes arbitration on the grounds that no agreement exists is entitled to a jury trial on the issue.

While the FAA requires the Court to convene a jury for the limited purpose of determining whether the parties agreed to arbitration., the party seeking to avoid arbitration must show there is a genuine issue of material fact as to the validity or applicability of the arbitration agreement. See *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002); *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003). In order to defeat a motion to compel arbitration, the nonmovant has the burden to "show a genuine [dispute] of material fact as to the validity of the agreement to arbitrate." *Danley v. Encore Capital Group, Inc.*, 680 Fed. Appx. 394, 397 (6th Cir. 2017). The party seeking a jury trial must make an unequivocal denial that an arbitration agreement exists—and must also show sufficient facts in support. *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir.1995).

4

## Law & Argument

**1.** **Plaintiff did not agree to arbitrate Plaintiff's disputes with Defendant.**

In this case, Ms. Garry has affirmatively alleged in the complaint that she was a victim of an identity theft (R. 1 at ¶¶ 7 – 21) and are therefore not responsible for the debt at issued. CAC's motion ignores the fact that Ms. Garry is the victim of identity theft and fails to address the substance of her allegations:

> First, it is beyond dispute that the Arbitration Clause here is in writing. (Hill Aff., Ex. A). Plaintiff will, of course, argue that she did not sign the Contract; however, the documents presented to the Dealership at the time of purchase coupled with Plaintiff's silence belie this desperate attempt to evade the express terms of the Contract including, without limitation, the Arbitration Clause. The FAA's first prerequisite for enforcement of an arbitration agreement is satisfied.

Defendant's Motion, r. 10 at PgID 97. To the contrary, Ms. Garry has tendered specific allegations concerning the identity theft and has provided her own declaration in support (Exhibit 2) along with a copy of the following documents supporting her claim of identity theft:

- ✓ An identity theft affidavit (Exhibit 3)
- ✓ A police report concerning the identity theft (Exhibit 4)

- ✓ Employment time sheets showing that she was at work in Tennessee on the day she is alleged to have signed the agreement (Exhibit 5).

These records amply and specifically support Ms. Garry's claims of identity theft and satisfy the requirements of the FAA in relation to her request for a jury trial. Ms. Garry did not incur the charges at issue in this action, and Ms. Garry did not agree to arbitrate such charges represented by the installment sales contract (R. 1 at Exhibit A). Absent such agreements, CAC cannot establish a valid agreement to arbitrate. Thus, the Court should deny CAC's motion.

**2.** **CAC has failed to provide any authority for compelling an identity theft victim to arbitrate claims arising from a fraudulent contract.**

While CAC cites to a number of decisions that have compelled arbitration based upon similar terms and conditions, none of these decisions stand on all fours with this case since none compelled a victim of identity theft, like Ms. Garry, to arbitration. To the contrary, District Courts have routinely rejected attempts to bind victims of identity theft to agreements unknowingly entered into in their names. *See Cornock v. Trans Union LLC*, 638 F. Supp. 2d 158, 162 (D.N.H. 2009) (rejecting Bank of America's Motion to Compel Arbitration since it would unfairly "allow any credit card company to force victims of identity theft into arbitration, simply because that person's name is on the account."); *Crosby v. Credit Acceptance Corp.*, 2015 U.S. Dist. LEXIS 89513, at *3 (E.D. Mich. 2015) citing to *Fazio v. Lehman Bros.*

*Inc.*, 340 F.3d 386, 397 (6th Cir. 2001) (denying Motion to Compel Arbitration since "it 'is firmly established that an arbitration clause obtained by forgery is not valid'"); and, *Hudson v. Babilonia*, 2015 U.S. Dist. LEXIS 41247, at *7 (D. Conn. 2015) (denying Sallie Mae's Motion to Compel Arbitration filed against victim of identity theft); *Boran v Columbia Credit Services, Inc.*, Case No. 06-cv-806 (D Conn., Nov. 21, 2006). See also NCLC Digital Library Excerpt, Exhibit 6.

Here, Ms. Garry did agree to purchase the car on credit, did not execute the contract, and did not authorize anyone to do so on her behalf. (Exhibits 2- 5) Absent such agreements, Ms. Garry, the victim of identity theft, cannot be compelled to arbitrate Ms. Garry's claims. Thus, the Court should deny CAC's motion and require a jury trial on the issue of whether Ms. Garry entered into an agreement to arbitrate the claims in this case.

Respectfully Submitted,

By: s/ Ian B. Lyngklip
Ian B. Lyngklip P47173
Sylvia Bolos P78715
LYNGKLIP & ASSOCIATES,
CONSUMER LAW CENTER, PLC
Attorney for Sharee Garry
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Ian@ConsumerLawyers.Com

Dated: November 18, 2019

7

## CERTIFICATE OF SERVICE

I certify that on November 18, 2019, I will electronically file the document above with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following persons:

| Party | Manner |
|---|---|
| Jordan S. Bolton<br>Clark Hill, PLC<br>151 S. Old Woodward Ave., Ste. 200<br>Birmingham, MI  48009 | Via CM/ECF System |
| Colin C. Poling<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, MI  46077 | Via CM/ECF System |
| Stephen W. King<br>King and Murray, PLLC<br>355 S. Old Woodward, Ste. 100<br>Birmingham , MI  48009 | Via CM/ECF System |

                                         Respectfully Submitted,

                                         By:  s/ Ian B. Lyngklip
                                         Ian B. Lyngklip P47173
                                         Sylvia Bolos P78715
                                         LYNGKLIP & ASSOCIATES,
                                         CONSUMER LAW CENTER, PLC
                                         Attorney for Sharee Garry
                                         24500 Northwestern Highway, Ste. 206
                                         Southfield, MI 48075
                                         (248) 208-8864
                                         Ian@ConsumerLawyers.Com

Dated: November 18, 2019