UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAREE GARRY,

      Plaintiff,

v.

CREDIT ACCEPTANCE
CORPORATION, et al.,

      Defendants.

_____/

CASE NO. 19-CV-12386

HON. GEORGE CARAM STEEH

**ORDER DENYING DEFENDANT CREDIT ACCEPTANCE
CORPORATION'S MOTION TO COMPEL ARBITRATION (ECF No. 10)**

Plaintiff Sharee Garry has brought this action against Defendant Credit Acceptance Corporation ("Credit Acceptance" or "Defendant"), and others, for alleged violation of the Fair Credit Reporting Act ("FCRA") and related state law claims. Now before the court is Defendant Credit Acceptance's motion to compel arbitration. For the reasons set forth below, the motion shall be denied.

**I. Factual Background**

On September 27, 2016, Plaintiff signed a retail installment contract ("Contract") with the dealership for the purchase of a used Lincoln MKT, which included a mandatory arbitration clause. The dealership assigned

the Contract to Credit Acceptance. In connection with this purchase, Credit Acceptance alleges that at the time of purchase Plaintiff provided the dealership with the following items for which copies have been presented to the court: (1) her driver's license, (ECF No.10, PageID.108), (2) current paychecks from her employer (dated four days before she allegedly assigned the agreement) *id.* at PageID.119-20, and (3) a current monthly statement from her credit union dated August 31, 2016. *Id.* at PageID.121-26. Plaintiff, on the other hand, claims she was the victim of identity fraud and never made the purchase herself. Specifically, in her declaration attached to her response brief she states:

> I believe that the car involved in this transaction was procured fraudulently by an acquaintance of mine by the name of Damon Skelton who had prepared my taxes and had access to my financial records and personal identification information.

(ECF No. 16-2, PageID.204). In addition to the affidavit attached to her response brief, Plaintiff also relies on (1) an Identity Theft Affidavit dated March 31, 2018 (ECF No. 16-3, PageID.206-210), (2) a police report of identity theft dated March 31, 2018 (ECF No. 16-4, PageID.211-12), and (3) employment time sheets allegedly showing that she was at work in Tennessee on the day she is alleged to have signed the agreement. (ECF No. 16-5, PageID.213).

## II. Standard of Law

Under the Federal Arbitration Act, 9 U.S.C. § 2, ("FAA"), a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). "When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Id.* The court must determine claims relating to fraud in the making of the arbitration. *Id.* The FAA "does not require parties to arbitrate when they have not agreed to do so." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). The presumption in favor of arbitration "does not apply in resolving doubts respecting whether the parties have reached an agreement respecting what they will arbitrate." *Hendrick v. Brown & Root, Inc.*, 50 F. Supp. 2d 527, 533 (E.D. Va. 1999) (citations omitted).

Where there is a genuine issue of material fact as to the existence of an arbitration agreement, the court must proceed to trial to resolve the issue. *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (citing 9 U.S.C. § 4). Courts have routinely rejected attempts to bind

victims of identity theft to agreements unknowingly entered in their names. *See Fazio v. Lehman Bros.*, 340 F.3d 386, 397 (6th Cir. 2003) ("It is firmly established that an arbitration clause obtained by forgery is not valid"); *Cornock v. Trans Union LLC*, 638 F. Supp. 2d 158, 162 (D.N.H. 2009) (rejecting Bank of America's motion to compel arbitration since it would unfairly "allow any credit card company to force victims of identity theft into arbitration, simply because that person's name is on the account.") (internal quotations and citation omitted).

### III. Analysis

In opposition to Credit Acceptance's motion to compel, Plaintiff relies on (1) her affidavit in response to Defendant's motion to compel arbitration, (2) her March 31, 2018 police report of identity theft, (3) her March 31, 2018 Identity Theft Affidavit, and (4) her employment time records purporting to demonstrate she was at work at the time she allegedly entered the purchase agreement.  In its Reply, Credit Acceptance responds that Plaintiff's proofs cannot be believed because (1) it is unrealistic to believe that Skelton had her paystubs dated just days before the purchase, (2) she delayed in filing her police report and Identity Theft Affidavit until five months after she learned about the purchase of the Lincoln MKT as alleged in the Complaint (ECF No. 1, PageID.5), and (3) her Declaration in

support of her Response as to when she learned of the alleged identity theft (when Credit Acceptance tried to collect outstanding balance) (ECF No. 16-2, PageID.204) contradicts the date alleged in her Complaint (when she tried to refinance two car loans in October, 2017). (ECF No. 1, PageID.5). Indeed, Credit Acceptance may make these arguments attacking Plaintiff's credibility at the trial of the issue of whether Plaintiff agreed to arbitration, but these arguments are insufficient for the court to find no genuine issue of material fact on this issue at this juncture.

## IV. Conclusion

For the reasons set forth above, Credit Acceptance's motion to compel arbitration shall be DENIED. A trial date shall be established forthwith to determine if Plaintiff executed the arbitration agreement or whether she was the victim of identity fraud. The court requests that the parties notify the court in writing within 10 business days whether they consent to have Magistrate Judge Patti, the assigned magistrate judge in this matter, preside over the jury trial of the issue of whether an enforceable arbitration agreement exists.

**IT IS SO ORDERED**.

Dated: April 15, 2020   s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 15, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk